# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

## DOCKETING STATEMENT

Case Name:                              In re Urethane Antitrust Litigation

Appeal No. (if available):              13-3215

Court/Agency Appeal From:               U.S. District Court for the District of Kansas

Court/Agency Docket No.:                Case No. 04-1616-JWL

District Judge:                         The Honorable John W. Lungstrum

Party or Parties filing Notice
of Appeal/Petition:                     The Dow Chemical Company

## I. TIMELINESS OF APPEAL OR PETITION FOR REVIEW.

   A. APPEAL FROM DISTRICT COURT

   1. Date notice of appeal filed:        August 22, 2013

      a. Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing notice of appeal:        No

      b. Is the United States or an officer or an agency of the United States a party to this appeal?        No

   2. Authority fixing time limit for filing notice of appeal:

      Fed. R. App. 4(a)(1)(A)

   3. Date final judgment or order to be reviewed was filed and entered on the district court docket:        July 26, 2013

   4. Does the judgment or order to be reviewed dispose of all claims by and against all parties? See Fed. R. Civ. P. 54(b).        Yes, except for class plaintiffs' requests for attorneys' fees and costs pursuant to

Rule 54(d) and 15 U.S.C. § 15(a), which were stayed by the district court pending resolution of this appeal. *See* Dkt. No. 2899.

**II. LIST ALL RELATED OR PRIOR RELATED APPEALS IN THIS COURT WITH APPROPRIATE CITATION(S).** If none, please so state.

The class certification order at issue in this case was previously before this Court on the petition to appeal pursuant to Rule 23(f) of the Federal Rules of Civil Procedure filed by The Dow Chemical Company, BASF Corporation, BASF SE, and Huntsman International LLC. *In re: Urethane Antitrust Litig.*, No. 08-602 (10th Cir.). On September 2, 2008, this Court denied the petition.

**III. GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE PRESENT ACTION AND RESULT BELOW.**

This is an appeal by The Dow Chemical Company ("Dow") of an Amended Judgment in a nationwide class action that was consolidated with other actions in multidistrict litigation in which the plaintiffs claim that Dow and other chemical manufacturers conspired to fix the price of urethane chemical products in violation of the Sherman Act, 15 U.S.C. § 1. The relationship among the consolidated cases in the multidistrict litigation is described in the Certificate of Interested Parties filed by Dow with the Entry of Appearance by Dow's counsel.

The Amended Judgment at issue in this appeal was entered following a jury trial in which a jury on February 20, 2013 returned a verdict in favor of the plaintiff class in the amount of $400,049,039.00. *See* Dkt. No. 2964. On May 15, 2013, the district court denied Dow's motion to decertify the class and Dow's motion for judgment on the verdict and as a matter of law or for a new trial, and entered judgment against Dow and in favor of the plaintiff class in the amount of $1,200,147,117, which represented a trebling of the jury's damages award to the class pursuant to 15 U.S.C. § 15. *See* Dkt. Nos. 2879, 2880. Dow and the plaintiff class filed cross-motions to amend the judgment. On July 26, 2013, the district court granted in part the motions to amend the judgment and entered an Amended Judgment against Dow and in favor of the plaintiff class in the amount of $1,060,847,117, with interest thereon at a rate of 0.11 percent as provided by law. *See* Dkt. Nos. 2962, 2963, 2964.

Dow is the only appellant in this appeal. The other companies that had been named as defendants settled prior to trial.

**IV. ISSUES RAISED IN THIS APPEAL.**

1. Did the district court err in certifying a nationwide class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure?

2. Was class plaintiffs' expert testimony properly admitted under *Daubert* v. *Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993), and the Federal Rules of Evidence?

3. Is the evidence sufficient to support the jury verdict?

4. Does the Amended Judgment violate the Seventh Amendment or due process?

5. Was the jury properly instructed?

6. Did the district court err in excluding evidence relevant to Dow's defense to plaintiffs' liability claims?

7. Are the damages awarded by the jury unsupported by the evidence or otherwise excessive as a matter of law?

8. Should judgment be entered in favor of Dow as a matter of law?

**V.     ATTORNEY FILING DOCKETING STATEMENT.**

Name:          Carter G. Phillips          Telephone:     (202) 736-8000

Firm:          Sidley Austin LLP

Email:         cphillips@sidley.com

Address:       1501 K Street N.W. Washington, DC  20005

A.     PLEASE IDENTIFY ON WHOSE BEHALF THE DOCKETING STATEMENT IS FILED:

[X]   Appellant

[ ]   Petitioner

[ ]   Cross-Appellant

B.     PLEASE IDENTIFY WHETHER THE FILING COUNSEL IS

[X]   Retained Attorney

[ ]   Court-Appointed

      Employed by a government entity

      Employed by the Office of the Federal Public Defender

| _/s/ Carter G. Phillips_ | September 4, 2013 |
|---|---|
| Signature | Date |

[X] Attorney at Law

**NOTE:** A copy of the final judgment or order appealed from, any pertinent findings and conclusions, opinions, or orders, any motion filed under Fed. R. Civ. P. 50(b), 52(b), 59, or 60, including any motion for reconsideration, for judgment of acquittal, for arrest of judgment, or for new trial, and the dispositive order(s), any motion for extension of time to file notice of appeal and the dispositive order **must be submitted with the Docketing Statements.**

The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF may be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service.

## CERTIFICATE OF SERVICE

I, Carter G. Phillips, hereby certify that on   September 4, 2013  , a copy of the foregoing was filed with the Court through the ECF system, which provides electronic service of the filing to all counsel of record who have registered for ECF notification in this matter.

                                               _/s/ Carter G. Phillips_
                                        Attorney for The Dow Chemical Company